## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Amelia Reynolds,<br>*On behalf of herself and those*<br>*similarly situated*, | Civ. No. 21-2560 (JWB/DTS) |
| Plaintiff, | |
| v. | |
| Concordia University, St. Paul, | |
| Defendant. | |

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

Plaintiff has filed an Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. No. 56, ("Motion").) The undersigned has reviewed the Motion and the originally filed supporting documents (Doc. Nos. 57–61), including the Settlement Agreement and Release (Doc. No. 59-1, ("Settlement Agreement")), between Plaintiff Amelia Reynolds and Defendant Concordia University, St. Paul ("Concordia" or "CSP"). The undersigned has also reviewed Plaintiff's supplemental submissions at Doc. Nos. 68, 69, and 70, which were provided in response to orders at Doc. Nos. 66 and 67, and which specifically include an updated version of the long form class action notice (Doc. No. 68-1) to replace the version originally filed with the Settlement Agreement. (Doc. No. 59-1,

at 22–29.) The Settlement Agreement, including the updated long form notice and

original short form notice, are hereinafter referred to as the "Updated Settlement."

After review, the Motion is granted. The Updated Settlement is fair, reasonable,

and adequate and the Class is preliminarily certified for settlement purposes.

**IT IS HEREBY ORDERED** that:

1.      Pending the Final Approval Hearing, all proceedings in this case, other than

proceedings necessary to carry out or enforce the terms and conditions of the Settlement

Agreement and this Order, are hereby stayed.

2.      The Updated Settlement, including the proposed Notice Plan and forms of

Notice to the Class (long form notice as set forth in Doc. No. 68-1 and short form notice

as set forth in Doc. No. 60-1, Ex. C), the appointment of Plaintiff Amelia Reynolds as the

Class Representative, the appointment of Class Counsel for Plaintiff and the Class, the

approval of Analytics Consulting, LLC ("Analytics") as the Settlement Administrator, the

cash payments provided under the terms of the Settlement Agreement,[1] and the proposed

method of distributing the settlement benefits, are fair, reasonable, and adequate, subject

to further consideration at the Final Approval Hearing described below.

3.      The undersigned does hereby preliminarily and conditionally approve and

certify, for settlement purposes, the following Class:

The individuals identified on the Concordia Settlement Class List who
were enrolled as students in CSP's Accelerated Bachelor of Science in
Nursing ("ABSN") program in Oregon who paid tuition and fees to

---

[1]     All capitalized terms used in this Order shall have the same meanings as set forth
in the Settlement Agreement, a true and correct copy of which are attached as Exhibit 1
to the Declaration of Christopher P. Renz (Doc. No. 59).

Concordia during the Summer 2020, Fall 2020, Spring 2021, Summer 2021, or Fall 2021. Excluded from the Settlement Class are: (1) the Judge and court personnel overseeing this Litigation; (2) the Defendant, its subsidiaries, successors, predecessors, and any entity in which the Defendant has a controlling interest and its current or former officers, directors, and employees; (3) "teach-out students" who began the ABSN program by enrolling with Concordia University Portland ("CUP") but ultimately received instruction through CSP as a result of the "teach out agreement" between CUP and CSP, and (4) Settlement Class Members who submit a valid Request for Exclusion on or before the Opt-Out Deadline.

4.      For purposes of settlement, based on the information provided: the Class is ascertainable; it consists of roughly 500 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to provide in-person clinical and laboratory education during the Summer 2020, Fall 2020, Spring 2021, Summer 2021, and Fall 2021 semesters; the proposed Class Representative's claims are typical in that she is a member of the Class and alleges she has been damaged by the same conduct as the other members of the Class; the proposed Class Representative and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Litigation.

5.      Plaintiff Amelia Reynolds is hereby appointed the Class Representative.

6.      Christopher P. Renz and Bryan L. Bleichner of Chestnut Cambronne PA, W.B. Markovits, Terence R. Coates, and Dylan J. Gould of Markovits, Stock & DeMarco, LLC and Joseph M. Lyon of The Lyon Firm, are hereby appointed as Class

Counsel.

7.     Analytics Consulting, LLC is hereby appointed as the Settlement

Administrator.

8.     A Final Approval Hearing shall be held in Courtroom 3A before the

Honorable Jerry W. Blackwell, United States District Court for the District of Minnesota,

316 N. Robert Street, St. Paul, Minnesota, 55101, on **April 24, 2024, at 10:00 am**, for

the following purposes:

   a. To determine whether the proposed Settlement consisting of an $800,000
      non-reversionary common fund is fair, reasonable, and adequate to the Class
      and should be approved by the Court;

   b. To determine whether to grant Final Approval, as defined in the Settlement
      Agreement;

   c. To determine whether the Notice Plan conducted was appropriate;

   d. To determine whether the claims process under the Settlement is fair,
      reasonable, and adequate and should be approved by the Court;

   e. To determine whether the requested Class Counsel's combined attorneys'
      fees, of up to 1/3 of the Settlement Fund ($266,666.67), litigation expenses
      up to $30,000.00 should be approved by the Court;

   f. To determine whether the settlement benefits are fair, reasonable, and
      adequate; and,

   g. To rule on such other matters deemed appropriate.

9.     The undersigned approves, as to the form and content, the notices: long

form notice as set forth in Doc. No. 68-1 and short form notice as set forth in Doc. No.

60-1, Ex. C. Furthermore, the undersigned approves the implementation of the Settlement

Website and the proposed methods of mailing or distributing the Notices substantially in

the form as presented in the declarations submitted in support of the Motion, and finds

that such Notice Plan meets the requirements of Fed. R. Civ. P. 23 and due process, and

is the best Notice practicable under the circumstances, and shall constitute due and

efficient notice to all persons or entities entitled to notice.

      10.    The undersigned preliminarily approves the following Settlement Timeline

for the purposes of conducting the Notice Plan, settlement administration, claims

processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| | |
|---|---|
| **Grant of Preliminary Approval** | |
| Concordia provides the Class List to the Settlement Administrator | +7 days after Preliminary Approval |
| Notices Posted on the Settlement Website | +14 days after Preliminary Approval |
| Notice Date | +30 days after Preliminary Approval |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | +15 days after Notice Date |
| Objection Deadline | +45 days after Notice Date |
| Opt-Out Deadline | +45 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to the Parties | +60 days after Notice Date |
| **Final Approval Hearing** | +100 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |
| | |
| **Final Approval** | |
| Effective Date | +35 days after Final Approval Order |
| Payment of the Fee Award and Expenses, and Class Representative Service Award | +17 days after Effective Date |
| Settlement Website Deactivation | +90 days after Effective Date |

      11.    Class Members will receive cash payments under the Settlement

automatically and without submitting a claim for such Settlement relief, so long as they do not exclude themselves from the Settlement by timely submitting a request for exclusion by the Opt-Out Deadline. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Class Notice and posted on the Settlement Website after the undersigned enters this Order, in accordance with the timeline being keyed on the grant of this Order.

12.     Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than 45 days after the Notice Deadline. Any request to Analytics to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the Settlement or be bound by this Agreement. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Analytics, or Class Counsel. Class Members who Opt-Out of the Settlement shall receive no benefit or compensation under the Settlement.

13.     Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must clearly identify the case name and number, be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the District Court of Minnesota or by mailing them to the Court Clerk, United States District Court for the District of Minnesota, 316 N. Robert Street, Suite 100, St. Paul, MN 55101, and be filed or postmarked on or before the Objection Deadline.

14.    All Class Members shall be bound by all determinations and judgments in this Litigation concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to the receipt of any payment under the Settlement, and shall not be bound by the Settlement Agreement or any Final Approval order as to Concordia in this Litigation.

15.    Pending final determination of whether the Settlement Agreement should be approved, Plaintiff and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against Concordia.

16.    The undersigned reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The undersigned may approve the Settlement, with such modification as may be agreed to by the Parties or as court ordered, without further notice to the Class.

**SO ORDERED**.

Date: January 16, 2024                    *s/ Jerry W. Blackwell*
                                          JERRY W. BLACKWELL
                                          United States District Judge