# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Amelia Reynolds, *on behalf of herself and those similarly situated*, | Civ. No. 21-2560 (JWB/DTS) |
| Plaintiff, | |
| v. | **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND GRANTING ATTORNEY FEES** |
| Concordia University, St. Paul, | |
| Defendant. | |

Bryan L. Bleichner, Esq., Christopher P. Renz, Esq., and Jeffrey D. Bores, Esq., Chestnut Cambronne PA; Dylan J. Gould, Esq., Terence Coates, Esq., and Wilbert B. Markovits, Esq., Markovits Stock & DeMarco, LLC; and Joseph M. Lyon, Esq., The Lyon Firm, counsel for Plaintiff.

Emanuel Lee McMiller, Esq., Jane Dall Wilson, Esq., and Machen Bihrle, Esq., Faegre Drinker Biddle & Reath LLP, counsel for Defendant.

Plaintiff has filed an Unopposed Motion for Final Approval of Class Action Settlement ("Motion"), and a Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Service Award to Plaintiff ("Fee Motion"). (Doc. Nos. 74, 85.) The undersigned has reviewed the Motion, its supporting documents, compliance with the required notice, and the underlying Settlement Agreement between Plaintiff Amelia Reynolds and Defendant Concordia University, St. Paul ("Concordia" or "CSP"). The undersigned has also reviewed the Fee Motion and its supporting documents. A hearing on both motions was held on May 1, 2024, at which counsel for both parties appeared and answered questions. No objections to the settlement have been made. After review and consideration of all materials, the Motion is granted as slightly modified below. The

proposed Settlement is fair, reasonable, and adequate, and the Class is certified for settlement purposes. The Fee Motion is granted.

**IT IS HEREBY ORDERED** that:

1.  The Settlement Agreement,[1] including the proposed Notice Plan and forms of Notice to the Class, the appointment of Plaintiff Amelia Reynolds as the Class Representative, the appointment of Class Counsel for Plaintiff and the Class, the approval of Analytics Consulting, LLC ("Analytics") as the Settlement Administrator, the cash payments provided under the terms of the Settlement and the proposed method of distributing the Settlement benefits as modified below at paragraph 11, are fair, reasonable, and adequate, as well as entered into in good faith, at arms' length and without collusion.

2.  Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the following Class is hereby approved and certified for settlement purposes:

> The individuals identified on the Concordia Settlement Class List who were enrolled as students in CSP's Accelerated Bachelor of Science in Nursing ("ABSN") program in Oregon who paid tuition and fees to Concordia during the Summer 2020, Fall 2020, Spring 2021, Summer 2021, or Fall 2021. Excluded from the Settlement Class are: (1) the Judge and court personnel overseeing this Litigation; (2) the Defendant, its subsidiaries, successors, predecessors, and any entity in which the Defendant has a controlling interest and its current or former officers, directors, and employees; (3) "teach-out students" who began the ABSN program by enrolling with Concordia University Portland ("CUP") but ultimately received instruction through CSP as a result of the "teach out agreement" between CUP and CSP; and (4) Settlement Class Members who submit a valid Request for Exclusion on or before the Opt-Out Deadline.

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement. A true and correct copy of the Settlement Agreement is attached as Exhibit 1 to the Declaration of Christopher P. Renz. (Doc. No. 59.)

3. Pursuant to Fed. R. Civ. P. 23(c)(3), all such persons who satisfy the Class definition above are members of the Class. Because no member of the Settlement Class opted out of the Settlement, all Settlement Class Members are bound by this Final Approval Order.

4. The appointment of Amelia Reynolds as Class Representative is approved as final. The Class Representative is similarly situated to absent Class Members, is typical of the Class, and is an adequate Class Representative, and Class Counsel and the Class Representative have fairly and adequately represented the Class.

5. The appointment of Class Counsel as provided for in the Preliminary Approval Order (Doc. No. 73) is approved as final. Class Counsel have extensive experience handling class action cases and have thoroughly represented the Class's interests in this case.

6. For purposes of settlement, based on the information provided: the Class is ascertainable; it consists of roughly 505 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to provide in-person clinical and laboratory education during the Summer 2020, Fall 2020, Spring 2021, Summer 2021, and Fall 2021 semesters; the proposed Class Representative's claims are typical in that she is a member of the Class and alleges she has been damaged by the same conduct as the other members of the Class; the proposed Class Representative and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Litigation.

7.  The Notice Plan was appropriate and was appropriately implemented by Analytics, distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and the Notice to Class Members complied with Fed. R. Civ. P. 23, due process, and any other applicable law.

8.  Class Counsel are awarded $266,666.67 in attorneys' fees and reimbursement of expenses of $9,203.28 to be paid according to the terms of the Settlement Agreement. These amounts of fees and expenses are fair and reasonable.

9.  The Class Representative, Amelia Reynolds, is awarded $5,000.00 as a reasonable service award, to be paid according to the terms of the Settlement Agreement. The award is justified based on her service to the Class.

10. The following actions must be taken by the following deadlines, which were previously approved by this Court (Doc. No. 73):

   a. The final approval in this Order will be effective thirty-five (35) days after its issuance (the "Effective Date");

   b. Defendant is to pay $800,000.00 into an account to be established by Analytics to serve as the "Common Fund" within seven (7) days of the Effective Date;

   c. From the Common Fund, the Settlement Administrator shall make cash payments to Class Counsel for the fee award of $266,666.67 and expenses of $9,203.28 seventeen (17) days after the Effective Date;

   d. From the Common Fund, the Settlement Administrator shall make cash payment to the Class Representative for the $5,000.00 Service Award seventeen (17)

days after the Effective Date;

      e.  From the Common Fund, the Settlement Administrator shall make cash payment to the Settlement Administrator of no more than $7,000.00 seventeen (17) days after the Effective Date. The amount paid at this time must be for an amount covering the Settlement Administrator's fee for the full administration of this settlement through the initial and second rounds of payments as described below in paragraph 11;

      f.  From the Common Fund, the Settlement Administrator shall make an additional cash payment to the Settlement Administrator of no more than $3,000.00 seventeen (17 days) after the third round of payments are made as described below in paragraph 11, if any third round of payments are made. The amount paid at this time must be for a confirmed amount covering the Settlement Administrator's fee for the full administration of this settlement covering the time from after the second round of payments as described below in paragraph 11 were made through the third round of payments.

      g.  The Settlement Administrator shall deactivate the Settlement Website ninety (90) days after the Effective Date.

11.    The Settlement Administrator shall execute the following distributions from the Common Fund as follows:

      a.  An initial round of cash payments to all Class Members for which the Settlement Administrator has determined it has a valid mailing address within thirty (30) days after the Effective Date.

5

b.  One hundred (100) days following the initial round of payments, the Settlement Administrator shall take any amounts remaining in the Common Fund, so long as more than $5,000.00 remain in the Common Fund, divide that amount by 1,453 and send each Class Member that amount times the number of semesters for which they registered in the 2020/2021 Range.

c.  One hundred (100) days following the second round of payments, the Settlement Administrator shall take any amounts remaining in the Common Fund, so long as more than $5,000.00 remain in the Common Fund, divide that amount by 1,453 and send each Class Member that amount times the number of semesters for which they registered in the 2020/2021 Range.

d.  One hundred (100) days following this third round of payments, any amounts remaining in the Common Fund, including as a result of payments having not been deposited by Class Members, will be paid by the Settlement Administrator to the *cy pres* recipient Oregon Center for Nursing, 5000 N. Willamette Blvd., MSC 192, Portland, Oregon.

e.  Within sixty (60) days of the deadline for payments, if any, to the *cy pres* recipient, the parties shall file a Post-Distribution Accounting, which provides the following information: the total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per claimant, the method(s) of notice and

the method(s) of payment to class members, the number and value of checks not cashed, the amount distributed to the *cy pres* recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and the lodestar multiplier.

12. This distribution method is fair, reasonable, and adequate and treats all Class Members equitably relative to each other.

13. Defendant is directed to confidentially provide class members' Social Security numbers to the Settlement Administrator for the limited purpose of the Settlement Administrator issuing IRS 1099 forms.

14. Plaintiff's and Class Members' claims against Defendant are hereby dismissed with prejudice.

**SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: May 20, 2024         *s/Jerry W. Blackwell*
                                            JERRY W. BLACKWELL
                                            United States District Judge